[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16600
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 19, 2009
THOMAS K. KAHN
CLERK

Agency Nos. A096-268-329,
A096-268-330

MAGDA JARBATH ST. LEGER,
CANEZ JOASSAINT,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 19, 2009)

Before CARNES, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Magda Jarbath St. Leger and her husband, Canez Joassaint,[1] are natives and citizens of Haiti. They seek review of the Board of Immigration Appeals' decision affirming the immigration judge's denial of their application for asylum and withholding of removal under the Immigration and Nationality Act and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").

Our review is limited to the BIA's decision, except to the extent that it adopts the IJ's opinion or its reasoning. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Because the BIA adopted the IJ's reasoning, we review the IJ's decision as if it were the BIA's. See Chen v. United States Att'y Gen., 463 F.3d 1228, 1230 (11th Cir. 2006). We review the agency's factual determinations, including credibility determinations, under the "highly deferential" substantial evidence test. Forgue v. United States Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). Under the substantial evidence test, we must affirm the IJ's decision "if it is supported by reasonable, substantial and probative evidence on the record considered as a whole." Id. The IJ must provide "specific, cogent reasons" to support an adverse credibility determination. Ruiz v. United States Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006). Additionally, when an applicant submits

---

[1] Because Joassaint's claims for relief are derivative of St. Leger's, we will refer to the petitioners collectively as "St. Leger" unless context requires otherwise.

evidence in addition to his or her testimony, the IJ may not rely solely on an adverse credibility determination to deny relief. See id. "The weaker the applicant's testimony, however, the greater the need for corroborative evidence." Yang v. United States Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005).

St. Leger contends that she is entitled to asylum because she has been persecuted on account of her political opinion by the Haitian political group Lavalas. She testified that Lavalas members have harassed, beaten, and raped her and that her aunt died after being attacked by them. The IJ denied her claim after making an adverse credibility determination. St. Leger argues that we must reverse that determination.

We disagree. The IJ issued a detailed opinion laying out the basis for its adverse credibility finding. It highlighted inconsistencies between St. Leger's and Joassaint's recollection of key events, such as the date of an election and what time St. Leger left her home on a day that she allegedly was attacked. The IJ also found that the St. Leger's and Joassaint's testimony was inconsistent with documentary evidence they provided, most notably about the time of St. Leger's aunt's death. St. Leger and Joassaint testified that St. Leger's aunt died at ten o'clock in the morning, but her death certificate states her time of death as ten o'clock in the evening. The IJ also found several portions of St. Leger's testimony implausible, such as her testimony that she did not tell her husband about an attempted coup

d'état that she heard about on the radio, that she did not do so because she knew that the coup attempt was staged, and that she was afraid she contracted HIV from her rapist but did not get tested. The IJ was also troubled by the fact that St. Leger's aunt's death was not reported until two years after she had died.

St. Leger argues that the inconsistences are minor, innocent mistakes and that the discrepancy about her aunt's time of death is due to a clerical error on death certificate. The IJ was unconvinced and we "will not substitute our judgment for that of the IJ with respect to its credibility findings." D-Muhumed v. United States Att'y Gen., 388 F.3d 814, 819 (11th Cir. 2004). After the IJ has made an adverse credibility determination, "the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Forgue, 401 F.3d at 1287.

St. Leger has not done that. For example, St. Leger argues that the December 17 coup attempt was indeed staged, but she does not offer any support for that statement. She has not provided any additional evidence to support her statement that her aunt died at 10 o'clock in the morning, instead of in the evening. She did not offer any medical records to corroborate her story that her aunt died as a result of being attacked by Lavalas supporters. Her fear of contracting HIV from her rapist does not square with her testimony that she did not get tested for HIV and resumed sexual relations with her husband a month later. The IJ's detailed

4

discussion of the numerous problems it had with St. Leger's story supports its adverse credibility determination. See D-Muhumed, 388 F.3d at 819. The IJ considered all of the evidence submitted by St. Leger. Some of that evidence undermined her testimony, instead of supporting it. Based on the IJ's adverse credibility finding, substantial evidence supports the IJ's denial of St. Leger's asylum claim.

Because the standard for withholding of removal is higher than the one for asylum, it necessarily follows that St. Leger's claim for withholding of removal also fails. See Silva v. United States Att'y Gen., 448 F.3d 1229, 1243 (11th Cir. 2006). Finally, she has not offered any argument on her CAT claim and therefore she has waived that claim. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

**PETITION DENIED.**